UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 8:18-cr-151-CEH-SPF

DAMON BELLAMY
_____/

**O R D E R**

This matter comes before the Court on the Defendant's Motion to Reduce Sentence or for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 171). In the motion, Defendant requests the Court grant a reduction in his sentence due to COVID-19, coupled with his health conditions and the substantially changed nature of his punishment. He alternatively requests the Court release him to home confinement. The Government filed a response in opposition. Doc. 173. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Reduce Sentence or for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A).

I.  **BACKGROUND**

On December 20, 2018, Defendant, Damon Bellamy, pleaded guilty in open court to Count Two of the Indictment charging him with theft of government funds in violation of 18 U.S.C. § 641. Docs. 1, 47, 49. On June 17, 2019, the Court entered an amended judgment adjudicating Defendant guilty and sentencing him to a term of imprisonment of 92 months, followed by a 36-month period of supervised release and

other conditions. Doc. 131. Defendant, who is currently 43 years old, is incarcerated at USP Atlanta with an expected release date of January 17, 2026. *See* Bureau of Prison ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed Jan. 26, 2022).

### A.   Defendant's Motion

On December 29, 2020, Defendant filed a motion, through counsel, seeking a reduction in his sentence or release to home confinement due to extraordinary and compelling circumstances. Doc. 171. Specifically, Defendant argues the over-populated and under-resourced prison system poses serious unanticipated health risks to him due to the COVID-19 pandemic, considering Defendant's medical conditions, including hypertension, obesity, asthma, and an aggravation of the respiratory issues he had due to previously being infected with COVID. In support of his motion, Defendant attaches a two-page BOP Health Services listing of Defendant's health problems and three pages of Defendant's medical records. Docs. 171-1.

### B.   Government's response:

The Government filed a memorandum opposing Defendant's motion and argues the motion should be denied because it is unclear whether Defendant exhausted his administrative remedies as Defendant failed to appeal the warden's denial of his request for compassionate release. Additionally, the Government argues the Court lacks authority to order home confinement, and Defendant's cited medical conditions do not constitute compelling and extraordinary reasons to support compassionate release. Doc. 173.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other

>   > person or the community, as provided under section 3142(g);
>
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>   (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant generally bears the burden of establishing that compassionate release is warranted.  *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III.   DISCUSSION

#### A.   Administrative Exhaustion

Defendant argues he has satisfied administrative exhaustion. He states he submitted a request to his warden which was denied more than 30 days ago. He references an "Exhibit 2" attached to his motion, but the second exhibit attached to the motion does not appear to be a form indicating a warden's denial of a request for compassionate release. The Government attaches to its response an email dated October 14, 2020, from Damon Bellamy directed to the warden requesting compassionate release (Doc. 173-1) and a response from the warden dated October 19, 2020 denying Defendant's request (Doc. 173-2). More than 30 days have passed since the warden's denial, and thus, the Court finds Defendant has exhausted his administrative remedies.

#### B.   Home Confinement

Defendant requests the Court release him to home confinement, which would permit Defendant to serve the remainder of his sentence at home. In general, once a court imposes a sentence, the Bureau of Prisons ("BOP") is solely responsible for determining an inmate's place of incarceration to serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program...[b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Defendant provides no legal authority to support the Court's ability to order home confinement. Thus, this requested relief is due to be denied.

### C. Extraordinary and Compelling Reasons

Even though Defendant exhausted his administrative remedies, Defendant's motion fails because Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in sentence. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-

(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care).

Sufficient medical documentation is needed in this case to meet the requirements of *Heromin*, as the severity of the conditions cannot be determined without supporting documentation. 2019 WL 2411311, at *2. Although Defendant provides a two-page listing of his medical conditions and three pages of records documenting a history of obesity, hypertension, and asthma, the records do not detail the severity of his conditions or otherwise demonstrate that he is unable to care for himself in the prison environment due to these conditions. To the contrary, the records reflect his conditions are relatively stable, and he is being monitored and provided

medication for his conditions. Thus, nothing about Defendant's medical conditions supports a finding of compelling and extraordinary reasons to warrant a reduction in sentence.

Defendant claims the COVID-19 pandemic coupled with his medical conditions establish "other reasons" supporting release. The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D).  As a preliminary matter, the Court notes that "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).

In response to Defendant's argument that the BOP is not effectively managing the pandemic, the Court notes that USP Atlanta is actively vaccinating its inmates

8

with 735 inmates and 292 staff members fully vaccinated. *See* https://www.bop.gov/coronavirus/ (last accessed Jan. 26, 2022).

### D. Section 3553(a) Factors

"When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The Court finds above that no extraordinary and compelling reason exists to support a reduction in sentence, and thus, an analysis of the § 3553(a) factors is not warranted. But, even considering the § 3553(a) factors, the Court cannot find that they weigh in favor of a reduction in sentence given Defendant's extensive criminal history, the massive financial losses caused by Defendant's actions, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Reduce Sentence or for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 171) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 26, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties