**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 8:18-cr-151-CEH-SPF

DAMON BELLAMY

_____

**ORDER**

This cause comes before the Court on Defendant Damon Bellamy's motion for compassionate release (Doc. 178). Proceeding *pro se*, Bellamy requests compassionate release based upon his medical conditions and lack of adequate treatment in prison. The Government opposes Bellamy's motion (Doc. 181), and Bellamy has filed a reply (Doc. 182) and a supplement (Doc. 183).

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

**I.   BACKGROUND**

On April 16, 2019, Bellamy was sentenced to 92 months' incarceration upon his guilty plea to theft of government property, based on conduct committed on or about May 9, 2013. Doc. 100. Now 44 years old and incarcerated at FCI Orlando RRM Bellamy moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 178.

Bellamy asserts that his medical conditions coupled with the conditions of his confinement, particularly the risk of COVID-19, provide an extraordinary and

compelling reason that warrants his early release. *Id.* at 3-4. Bellamy argues that his obesity, hypertension, COPD, asthma, and high cholesterol result in an increased risk of contracting COVID-19. *Id.* He also contends that his severe sleep apnea combined with the BOP's failure to provide him with a breathing machine despite a prescription has greatly impacted his ability to care for himself. *Id.* Lastly, Bellamy argues that his prolonged use of corticosteroids diminishes his immune system and places him at an increased risk of developing a host of other conditions, such as glaucoma, cataracts, moon face, and osteoporosis, which could also increase his risk of contracting COVID-19. *Id.* at 5.

Responding in opposition, the Government argues that Bellamy is not entitled to compassionate release because he has failed to exhaust his administrative remedies, and because none of his medical conditions are sufficient to satisfy the requirements for compassionate release. Doc. 181 at 4.

In reply, Bellamy asserts that he has exhausted his administrative remedies, his medical conditions increase his chance of contracting COVID-19, he has a diminished ability to care for himself because of the BOP's failure to provide him with a prescribed continuous positive airway pressure ("CPAP") machine, and he has participated in post-sentencing rehabilitation. Doc. 182. Bellamy later supplemented his motion by adding a possible cancer diagnosis to his list of health conditions that increase his risk of contracting COVID-19. Doc. 183 at 3.

2

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other

3

>> person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

### III. DISCUSSION

As a threshold matter, the Court finds that Bellamy has adequately exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A). "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218,

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Because Bellamy requested compassionate release from the warden of his facility on March 5, 2022 *see* Doc. 178-1—more than 30 days before filing his motion for compassionate release on June 21, 2022—the Court finds that he has satisfied the statute's requirements.

However, Bellamy fails to establish an extraordinary and compelling reason that permits his compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted; Bellamy fails to do so. Specifically, 18 U.S.C. § 3582(c)(1)(A) provides that a defendant must show: (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. Because Bellamy is 44 years old and was not sentenced until 2019, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A). Instead, he must demonstrate an extraordinary and compelling reason under the second provision.

The Eleventh Circuit holds that "extraordinary and compelling reasons" that permit compassionate release are exclusively defined by the policy statement contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). This policy statement provides an exhaustive list of reasons, including: an incarcerated individual's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1; *Bryant*, 996 F.3d at 1265-66. An incarcerated

individual's medical condition may qualify as an extraordinary and compelling reason for release when an individual is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Bellamy does not claim to be suffering from a terminal illness; rather, he asserts that his ability to care for himself has been severely diminished by the combination of his sleep apnea and the BOP's failure to provide him with a prescribed CPAP machine. Doc. 178 at 4. He submits records demonstrating that a sleep study diagnosed him with severe sleep apnea in early 2021. Doc. 178-2 at 4-5, 15, 25, 28. He also provides copies of three email requests for a CPAP machine that he submitted in March, April, and June 2022. *Id.* at 1-3. Bellamy has adequately documented his diagnosis and the fact that the BOP has not provided him with a CPAP machine, at least as of June 2022. The Court acknowledges that sleep apnea can be a serious medical condition, and it is concerned that the records do not contain an indication that any follow-up was done after his sleep study and diagnosis. However, the records also do not contain an affirmative indication that a CPAP was found to be medically required, *see id.* at 4 ("Treatment options *may include* Positive Airway Pressure (PAP) devices[.]") (emphasis added), that he was given a CPAP prescription that remained unfilled, or that he is unlikely to recover from the condition. On this record, the Court cannot find

6

that Bellamy has satisfied the high standard required for a medical condition to constitute an extraordinary and compelling reason.[2]

In addition to his sleep apnea, Bellamy asserts that he suffers from obesity, asthma, hypertension, COPD, and high cholesterol. Doc. 178 at 4. Although Bellamy's medical records document these diagnoses, they do not demonstrate that the conditions substantially diminish his ability to care for himself within the prison environment. *See* U.S.S.G. § 1B1.13, cmt, n. 1(A). Rather, Bellamy's records show that he is receiving regular medical treatment for them, including inhalers for asthma, aspirin for heart health, and Atorvastatin for cholesterol, and appointments upon request. Doc. 178-2 at 15-16. Finally, Bellamy has not provided documentation regarding the possible cancer diagnosis he mentioned in his supplement.  Thus, he has not established that any of his medical conditions rise to the severe level required to provide an extraordinary and compelling reason for compassionate release.

Bellamy further contends that his medical conditions coupled with the risk of COVID-19 in his prison warrant his release.  The Court recognizes the risks that COVID-19 may present to incarcerated individuals, particularly those with underlying health conditions.  However, the Eleventh Circuit has held that the COVID-19

---

[2] To the extent Bellamy wishes to assert that he is receiving inadequate medical care in BOP custody, the appropriate vehicle for such a claim is a lawsuit against the BOP that alleges a violation of the Eighth Amendment. "The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners." *Montalban v. Samuels*, No. 21-11431, 2022 WL 4362800, at *5 (11th Cir. Sept. 21, 2022).

pandemic does not permit a district court to deviate from the policy statement's strict requirements, even where an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same).[3] Accordingly, Bellamy also cannot meet his burden of establishing an extraordinary and compelling reason through the combination of his medical conditions and the COVID-19 pandemic.

Lastly, Bellamy cannot rely on the fourth type of extraordinary and compelling reason listed in the policy statement, often described as a "catch-all" provision. The "catch-all" provision provides that, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). The Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d 1243. Therefore, an identified

---

[3] In his motion, Bellamy cites several cases in which other district courts granted compassionate release because of COVID-19. Doc. 178-1 at 4-20; Doc. 178-3. However, these cases predate the binding Eleventh Circuit decisions that clarified the legal framework of compassionate release motions related to the COVID-19 pandemic. The Court cannot follow conflicting decisions from district courts.

reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *Id.*; *Giron*, 15 F.4th at 1350 ("district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and…only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision"). Bellamy has not established the applicability of the policy statement's catch-all provision, because he has not demonstrated that the Bureau of Prisons has approved any of his identified reasons as extraordinary and compelling. As a result, his motion for compassionate release must be denied.[4]

Accordingly, it is **ORDERED**:

1. Defendant Damon Bellamy's motion for compassionate release (Doc. 178) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] Because the Court has determined that Bellamy is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). Nonetheless, the Court acknowledges and applauds Bellamy's rehabilitative and programming efforts. Doc. 178 at 11; Doc. 178-5.